10-2003-ag
Zheng v. Holder

BIA
A077 283 074

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5ᵗʰ day of April, two thousand eleven.

PRESENT:
GUIDO CALABRESI,
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
        *Circuit Judges.*

_____

LING ZHENG,
        *Petitioner,*

        v.                                    10-2003-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
        *Respondent.*

_____

FOR PETITIONER:          Peter S. Gordon, Forest Hills, New
                         York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Terri J. Scadron, Assistant
                         Director; Anthony W. Norwood, Trial
                         Attorney, Office of Immigration
                         Litigation, Civil Division, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ling Zheng, a native and citizen of China, seeks review of an April 30, 2010, order of the BIA denying her motion to reopen her removal proceedings. *In re Ling Zheng*, No. A077 283 074 (B.I.A. Apr. 30, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, the BIA did not abuse its discretion by denying Zheng's motion to reopen as untimely and number-barred, as it was her third motion to reopen and she filed it seven years after her final order of removal. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2).

Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably concluded that only Zheng's personal circumstances had changed, as her claim was based on the fact that she began practicing Falun Gong in 2008. *See Wei*

2

*Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) (noting that "apparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme"); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 151-56 (2d Cir. 2008).

Moreover, substantial evidence supported the BIA's determination that Zheng failed to establish that conditions in China had materially changed.  While the evidence indicated that repression of Falun Gong practitioners increased during the 2008 Olympics, the evidence also indicated that the repression has been constant and ongoing since the time of Zheng's hearing in 2001, and Zheng did not submit evidence indicating that the increased repression of Falun Gong practitioners had continued after the 2008 Olympics and into 2009.  *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous"); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the BIA's factual findings regarding changed country conditions under the substantial evidence standard).

Finally, given the BIA's explicit references to the documentation submitted with the motion to reopen, a

3

reasonable fact-finder would not be compelled to conclude that the BIA ignored any material. *See Wei Guang Wang*, 437 F.3d at 275 (holding that the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition, and made adequate findings" (internal citations omitted)). Accordingly, the BIA did not abuse its discretion by denying Zheng's motion. *See Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4